UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. SCHOTTEL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1673 HEA |
| ) | |
| PATRICK M. YOUNG, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No.'s 10 and 15]. Plaintiff opposes these Motions and has filed written memoranda in opposition. Also before the Court are Plaintiff's Motions for Costs of Service and Attorney's Fees, [Doc. No.'s 12 and 18], Defendant Young's Motion for Sanctions, [Doc. No. 29] and Defendant Young's Motion for Hearing on his Motion for Sanctions, [Doc. No. 34].

## Introduction

Plaintiff, an attorney licenced to practice law in Missouri, filed this action *pro se*, against Defendants, Patrick Young and William L. Berry. Defendant Young is a Circuit Court Judge for St. Clair County, Illinois. Defendant Berry is an attorney licenced to practice law in the State of Illinois. Plaintiff alleges Defendants conspired to deprive him of his constitutional rights in violation of 42

U.S.C. § 1983. Plaintiff's Complaint also contains allegations of defamation and tortuous interference with business expectancy.

## Facts and Background

Plaintiff filed this action claiming that Defendants violated his constitutional rights by conspiring against him through actions taken in a proceeding in the Circuit Court for the County of St. Clair, Illinois.

Plaintiff entered into a contractual arrangement with Michael and Cynthia Anderson to represent them in a wrongful death action that was filed in Illinois. The Andersons paid Plaintiff $1600.00 toward his fee for his legal services. Because Plaintiff was not licensed to practice law in Illinois, Plaintiff entered into an arrangement with Defendant Berry to assist in the matter. Plaintiff sought admission to the Illinois Circuit Court on a *pro hac vice* basis. Subsequently, Plaintiff filed a motion to withdraw as counsel for the Andersons and ultimately, Defendant Young ordered Plaintiff to return the $1,600.00 retainer before he would allow Plaintiff to withdraw from the wrongful death action pending before Defendant Young. Plaintiff challenges Defendant Young's Order and Defendant Berry's involvement in the proceedings surrounding the entry of the Order requiring Plaintiff to return the Andersons' retainer money.

## Discussion

## Standard of Review: Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588

F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendants move for dismissal of the action on various grounds. Most fundamentally, Defendants argue that this action is barred by the *Rooker-Feldman* doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court clarified that only it has the authority to entertain a proceeding to reverse or modify a state court judgment. *Id.* at 416; see also 28 U.S.C. § 1257(a) (granting only the United States Supreme Court the power to review final judgments rendered by high courts of a state). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court reaffirmed that federal courts

do not have jurisdiction to review final state court judgments in judicial proceedings. *Id*. at 482-86. The Supreme Court further concluded that federal district courts lack jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding. *Id*. at 486. The two principles have merged to become the *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. See *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir.2008) (explaining limited scope of the *Rooker-Feldman* doctrine).

This case is essentially an appeal from Defendant Young's Order by an aggrieved party, *i.e.*, Plaintiff.

> One way to determine whether a federal claim is based on a complaint of injury caused by a state-court judgment, and thus an appeal of such judgment, is to determine if the state and federal claims are "inextricably intertwined." *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303; *Charchenko*, 47 F.3d [981], at 983 [(8th Cir. 1995)]. Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it. *Charchenko*, 47 F.3d at 983 (citing *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir.1990)). As explained in *Feldman*, district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme] Court." 460 U.S. at 486, 103 S.Ct. 1303.

*Robins v. Ritchie,* 631 F.3d 919, 925 (8th Cir. 2011).

Here, Plaintiff complains of injuries caused by the state court order that required him to return the $1600.00 retainer he was paid by the Andersons. The judicial action attacked in this case was taken in adversary proceedings and within the scope of the color of authority granted to the Illinois Circuit Court for St Clair County. Under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction because Plaintiff's allegations of error are "inextricably intertwined" with the issues that were resolved in the state court proceedings. Stated differently, the court lacks the authority to review and reject the state court decision to condition Plaintiff's withdrawal upon the repayment of the retainer. See e.g., *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir.2003) (concluding *Rooker-Feldman* doctrine bared the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir.1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought"). It is not possible for this Court to grant the requested relief without disrupting the judicial process of the Illinois courts.

### Motion for Costs of Service and Attorney's Fees

Plaintiff seeks the cost of service on Defendants for their failure to waive

service. Both Defendants basically concede that Rule 4(d)(2) mandates the payment of the service fee. Defendants, however, dispute that Plaintiff is entitled to attorney's fees. The Court agrees. Plaintiff is proceeding *pro se* in this matter. The Court agrees with those courts which have determined that attorneys' fees are not warranted for Rule 4 attorneys fees when the plaintiff is acting as his own attorney. See *Rossman v. Lazarus*, 2009 WL 586416, p. 3 (E.D. Va. 2009)(slip copy); *Marcello v. Maine*, 238 F.R.D. 113, 117 (D. Me. 2006)(attorneys appearing as *pro se* litigants are not entitled to an award of attorney's fees for securing service of process when defendant refused to waive pursuant to Rule 4 of the Federal Rules of Civil Procedure); *Prousalis v. Jamgochian*, 38 Fed.Appx. 903, 904 (4th Cir.2002)("We find attorney's fees are not available under Rule 4(d)(2) or (5) to an attorney proceeding *pro se.*"); and *Lozano v. Peace*, 2005 WL 1629644 (E.D.N.Y. July 11, 2005)(*pro se* litigants are not entitled to attorney's fees pursuant to Rule 4).

## **Defendant Young's Motion for Sanctions**

Although Defendant Young argues that he is entitled to sanctions for Plaintiff's filing of a "frivolous" claim, the Court disagrees that sanctions are in order. Plaintiff clearly believed he was entitled to relief and disagreed with Defendants' interpretation of the applicable law. Plaintiff does not appear to the

Court to have filed this matter in an attempt to harass Defendants, rather, it appears to the Court that Plaintiff's Complaint is based on a sincere belief of Plaintiff that he is entitled to relief. While the Court agrees with Defendants' position, and the Court's interpretation of the *Rooker-Feldman* doctrine precludes this Court addressing Plaintiff's claims, this Court is not of the opinion that Plaintiff brought this action for improper reasons. As such, sanctions against Plaintiff are not warranted.

### **Conclusion**

Defendants' Motions to Dismiss are well taken. This Court cannot disrupt the decision of Defendant Young in conditioning Plaintiff's withdrawal from the Anderson case on the repayment of the retainer. To do so would be in violation of the *Rooker-Feldman* doctrine which precludes this Court's review of claims which are inextricably intertwined with state court decisions.

Plaintiff's Motion for Costs is well taken with respect to the cost of the private process server. With regard to attorney's fees, Plaintiff's Motion will be denied.

Defendant Young's Motion for Sanctions will also be denied. The Motion for hearing on this motion is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No.'s 10 and 15], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Costs, [Doc. No.'s 12 and 18], are granted with respect to the process servers' fees and denied as to Plaintiff's request for attorney's fees. Defendants Young and Berry are each ordered to pay to Plaintiff $85.00 within 14 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant Young's Motion for Sanctions, [Doc. No. 29], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Young's Motion for Hearing, [Doc. No. 34], is denied as moot.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 30th day of September, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE